**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14079-CIV-MIDDLEBROOKS**

LAWRENCE FELTZIN,

     **Plaintiff,**

v.

NISE GENERAL REALTY CORP.
d/b/a RIVERSIDE SHOPPES,

     **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT (DE 50)

Plaintiff's Motion to Enforce Settlement (DE 50) raises two issues: (1) whether Defendant agreed during mediation to produce documents evidencing prior remediation; and (2) whether Defendant may pay the settlement amount directly to Plaintiff instead of issuing the settlement check to Plaintiff's counsel, as Plaintiff requested. Having considered the Motion and facilitated continued settlement discussions, I recommend as follows.

The first issue is now moot. During continued settlement discussions, Defendant produced evidence of prior ADA remediation. Plaintiff now agrees that Defendant has fulfilled its obligations in that regard.

The second issue is likewise easily resolved. Plaintiff specifically requests that the settlement payment be made by check payable to his attorney. Defendant objects, asserting that it wishes to protect itself against any future claim that it somehow "retained" Plaintiff's counsel by making payment to him. I find that argument unpersuasive. Moreover, the case on which Defendant relies— *Long v. Morton Plant Hosp. Ass'n, Inc.*, 265 Fed. App'x 798 (11th Cir. 2008)—is readily distinguishable. In *Long*, the Eleventh Circuit addressed whether attorneys had standing to intervene

in an ADA action to pursue attorney's fees after the plaintiff-client had died.  In that context, the Court concluded that the attorneys had no personal statutory claim to attorney's fees and could not pursue the plaintiff's claim because the plaintiff was deceased and no substitute party had been appointed in the litigation.  *Id.* at 800.

This case presents an entirely different circumstance.  Here, Plaintiff, who is very much alive, has expressly requested that the settlement payment be made payable to the law firm representing him.   In light of that request, I recommend that Defendant be ordered to issue the settlement check payable to **Garcia-Menocal, P.L.**, and mail it to the firm's address at **350 Sevilla Avenue, Suite 200, Coral Gables, FL 33134**.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

The parties shall have three (3) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 25th day of June, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE